ZIPPORAH D. JACQUES, RESPONDENT, *v.* JAMES H. ELMORE, EXECUTOR OF, ETC., OF LYDIA J. CARLE, DECEASED, APPELLANT.

*Executor — proof of claim against estate by — Code, § 399 — Costs — discretionary — when not allowed, not chargeable against estate.*

APPEAL by an executor from a decree of the surrogate of Kings county, entered on an accounting by James H. Elmore, as executor of Lydia J. Carle, deceased.

The testatrix, at the time of her death, held a promissory note for $4,000 and upward, theretofore given to her by her executor. This note was inserted in the executor's inventory of the estate left by the testatrix, at its full amount. No indorsements appear on it. Upon the accounting the executor claimed to be allowed payments on this note, although he produced no vouchers showing such payments, and gave no direct evidence respecting them besides his own testimony. The statute (2 R. S., 88, § 33) provides that " no part of the property of the deceased shall be retained by an executor or administrator in satisfaction of his own debt or claim until it shall have been proved to and allowed by the surrogate." The executor claimed to be allowed a bill for $419.86, costs and

expenses incurred by him on an appeal from a previous decree made in this matter. The court at General Term say: "The proof relied on here is, that the testatrix, from time to time, received money from the executor, and that such receipts, together with the dividends which accrued on some railroad stock, constituted her only sources of income. Such evidence falls short of the proof which the statute and the general rule of law require. The fact that the testatrix had no other sources of income than those referred to, rests upon the testimony of the executor alone. The inference sought to be drawn from it is payment, but the executor was not a competent witness to prove payment. (Code, § 399.) A fact that could not be proved by him directly, cannot be established inferentially by his testimony. (*Grey* v. *Grey*, 47 N. Y., 554; *McCotter* v. *Lawrence*, 4 Hun, 107; *Johnson* v. *Spies*, 5 id., 468; see, also, *Knight* v. *Cunnington*, 6 id., 100.)  *  *  *  We know of no principle which warrants an allowance of the costs incurred by the executor on the appeal from the former decree. Whether costs should be allowed rested in the discretion of the appellate courts, and none having been allowed by them, they are not properly chargeable against the estate."

*E. More*, for the appellant.  *John D. Pray*, for the respondent.

Opinion by GILBERT, J.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Decree of surrogate affirmed, with costs.